933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FLINT AREA BUILDING TRADES FUND, Plaintiff-Appellee,
v.
Raymond SHORT, Defendant-Appellant.
 No. 90-2178.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before KENNEDY, and BOYCE F. MARTIN, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Raymond Short, the owner of Short's Roofing Company, appeals the summary judgment and attorney's fees for plaintiff, Flint Area Building Trades Fund (the Fund), and the denial of attorney's fees for Short. For the following reasons, we affirm.
 
 
 2
 The Fund was established pursuant to the provisions of collective bargaining agreements entered into between the Professional Roofing Association and Local Union 192 of the United Union of Roofers, Waterproofers and Allied Workers. The Fund was organized in accordance with the provisions of the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001, et seq. (ERISA). Under the agreement, Short was obligated to make contributions to the Fund because it employed workers covered by the collective bargaining agreement. As a member of the Fund, Short was required to abide by the terms of the trust agreements which set up the Fund, including the obligation to keep accurate records and to permit inspection and audit of those records by the Fund to ensure that the necessary contributions were being made.
 
 
 3
 This action arises from a request to inspect and audit. The Fund performed an initial audit of Short's books, but was dissatisfied with the results, and requested more information and documentation from Short. Short felt that confidential information had been disclosed to its competitors as a result of the initial inspection, and requested a written assurance that the information would be kept confidential and would not be revealed to anyone, including the Fund's Board of Trustees. The Fund was willing to assure Short that the information would not be made public, nor made available to any of Short's competitors, but Short refused to make the information available without an assurance of total confidentiality. One member of the Board of Trustees is a competitor of Short's.
 
 
 4
 The Fund brought suit to enforce the terms of the trust agreement and force Short to produce the requested documents. The District Court ordered the production of the records, but also issued a protective order, which precluded the auditor from disclosing any information to the Board of Trustees unless it was necessary to obtain direction from the Board, or until he was prepared to make his final report. Also, any Board members who were also competitors of Short's were to abstain from consideration of the final audit report and were not to be privy to any of the information produced, unless it was necessary to include that member in the discussions, at which time the Fund could petition the District Court for permission to include the competitor board member.
 
 
 5
 The Fund and Short filed cross motions for summary judgment, seeking to recover attorney's fees and costs incurred in the suit, pursuant to the trust agreement and ERISA. The District Court granted the Fund's motion pursuant to the agreement, and denied Short's motion. Short appeals, claiming that the District Court erred in granting the Fund fees, and in refusing to grant Short fees.
 
 
 6
 The District Court held that the Fund was entitled to costs under the agreement, which states that:
 
 
 7
 In the event that the Trustees take such legal action as hereinafter set forth, the Employer shall pay to the Trustees upon demand, the actual expenses of said legal action, including, but not limited to, attorneys fees paid by the Trustees, and court costs, provided, however, that in the event said litigation is determined in favor of the Employer then and in such event this requirement for payment of legal and court costs shall be void.
 
 
 8
 Joint App. at 90.
 
 
 9
 The District Court found that Short had not prevailed, and that therefore Short must pay the Fund's costs. Short had sought to prevent the auditor from revealing any information other than the auditor's conclusions to the Board of Trustees. The District Court, however, determined that because its order required Short to provide all records requested by the Fund and permitted the auditor to relay that information to Board of Directors, the litigation had not been "determined in favor of the defendant." The District Court did not err in that determination.
 
 
 10
 The Fund had requested the records, and promised that the information contained in them would not be revealed to the general public or to any of Short's competitors. The Fund stated, however, that according to the requirements of the agreement, the information must be made available to the Board of Trustees. The District Court's order stated that the one competitor who sat on the Board of Trustees was not to be privy to the information concerning Short, therefore enabling the information to be provided to the Trustees, without also providing the information to Short's competition. The District Court's order did, however, provide that if it became necessary to allow the competitor Trustee to see the information, the Fund could petition the court for permission to do so.
 
 
 11
 Short argues that the Fund acquired no rights in its suit, and that therefore the Fund did not prevail. However, although in the end no delinquency was found, the Fund brought the suit to enforce the agreement, not to collect delinquent contributions. The District Court enforced the agreement, forcing Short to provide the requested documents, without granting the protection Short requested. Therefore, the District Court did not err in concluding that the suit was not decided in favor of Short, and that Short is therefore required to pay costs under the agreement.
 
 
 12
 Short also claims that the District Court erred in refusing to grant Short attorney's fees under 29 U.S.C. Sec. 1451(e), which states:
 
 
 13
 In any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party.
 
 
 14
 20 U.S.C. Sec. 1451(e). The District Court denied Short's motion for costs. Having already concluded that the District Court properly held that the suit had not been decided in favor of Short, it is clear that Short was not the prevailing party. Short, therefore, is not entitled to costs and expenses.[1]
 
 
 15
 The District Court's summary judgment, granting the Fund attorney's fees under the agreement, and denying Short costs under ERISA is AFFIRMED.
 
 
 
 [1]
 The District Court denied the Fund's motion for costs under ERISA, holding that Short had not acted in bad faith, and therefore the Fund was not entitled to costs. See Central States Pension Fund v. ?? Corp., 813 F.2d 760, 767 (6th Cir.1987). Even if Short was the prevailing party, therefore, because there is no evidence that the Fund acted in bad faith, Short would not be entitled to costs under ERISA